Opinion op the -Court.
IN 1809, a suit was brought in one of the, quarter session courts.)- of Nórth-Carolina, by'á certain Azáriah Graves, against Richard Simpson, and such proceedings were therein had, as that a judgment was finally recovered by said Graves for about $857 60 cents, and $8 57 cents costs.
During the pendency of that suit, James Simpson, the testator of the present appellee, became the special bail of Richard Simpson, and after the judgment was recovered by Graves, he prosecuted a scire facias thereof in the same court, against the said James Simpson, and finally recovered judgnjént therein against the executrix, for about the sum of. $865 75 cents, and $8 40 cents costs; the said James having, in the mean time, departed this life, and the scire facias being revived against bis executrix.
After this, the executrix satisfied-the judgment which Graves had recovered against her; and she brought an action likewise in North-Carolina, against Richard Simpson, upon his implied undertaking to indemnify the said James Simpson on account of his becoming special bail in the suit brought by Graves; and such *142 proceedings were therein had, as that judgment was finally recovered by the executrix against the said Richard Simpson, for about $1,200 20 cents, and §9 70 cents costs.
Upon this latter judgment the executrix thereafter brought suit in the circuit court of Madison in this state, and finally recovered judgment therein against the said Richard Simpson, for ‡1,210 16 1 — 4 cents, principal, $84 70 cents damages, and costs.-
Tobe relieved against this judgment, Richard Simpson exhibited his bill i* equity; and after stating the preceding facts, alleges, that previous to the judgment being recovered against the executrix by Graves, and before James Simpson departed this life, the said James was owing and in arrear to him various sums; that on the 29th of March 1807, the said James executed the following receipt:
“ Received ofRichard Simpson, notes to collect to.lhe amount of one hundred and fifty pounds, seventeen shillings and nine penco, which I will account for or return. James Simpsou.”
That on the 20th of April 1809, the said James executed the following receipt:
“ Received notes from Richard Simpson to collect, to the amount of £77 9s. lid. Virginia money, which 1 am to collect or return. James Simpson.”
Thatonthe 21st of April 1809, the said James executed the following instrument.of writing:
“ Yesterday, a settlement took place between Richard Simpson and myself, of our former dealings and contracts and there appeared a balance due to him of three hundred and ninety-seven pounds, fifteen shillings and four pence, Virginia money; of which sum I gave him a separate acknowledgment or due-bill, under hand, for nhe half, being £198 17s. 8d. designed for Capt. Duke Williams;, the other half I am to pay Col. Azariah ‘ Graves, provided he does not get a judgment against me as bail for the said Richard Simpson, on a suit yesterday brought by said Graves against him, before the first day of January next, at which time the above balance is due from me to the said Richard. But in case said Graves should recover the money from me before I collect sundry debts put into my hands yesterday and heretofore, for collection, by the said Richard, and before the debt, becomes due from me to him, that is, oa* *143 the first day of January next, he, the said Richard, is to indemnify me, and gay whatever interest I may have to give for money to. discharge his debt to Graves, &c.
James Simpson.”
The amount acknowledged to be owing by the said James, in this latter writing, the bill charges, was a demand separate and independent from the amount of debts received by the said James for collection, as mentioned!, in the two preceding receipts, and that judg-menf was not recovered by Graves, until long after the first day of January next after the 21st of April 1809. The bill also alleges, that no pan of' the notes and accounts receipted for by the said James, has been returned ; but that he had in fact collected the whole amount thereof, or nearly so, in his lifetime. The bill, therefore, insists that the said James was .indebted, at the time of his death, to Richard, the amount mentioned in each of the instruments of writing, malting an aggregate ‘sum greater than that for which judgment wás -recovered against .the executrix of the said James, by Graves. ’ .
The bill, also, in addition to the foregoing demands, charges, that in the latter end of the year 1809, James Simpson, the accredited agent of the said Richard, received, oiif;of his trunk, other notes for collection, amounting. Jo the sum of £7^ 2s. 9d. Virginia currency, no partbfwhich has been returned to the said Richard/’except fwo notes amou'nting to about £9 10s. 7d.; the'balance, the bill insists, is due from the estate of the said James to the said Richard. , , .
The bill likewise alleges'that the said Jambs was, at the .time of his death, owing the said Richard twenty ffigars, before that time received for the^said Richard IgiMm from a certain John Reed. A demand is , also raised in the bill against-.the said Jame's,- for áervicés 4jgeffórmed by the said RicJÜard, in bringing, a horse of The said James’ from the state of Tennessee-- to this -state, and afterwards conveying the horse' Rom this to the state of N orth-CaroiinaT , :
.The bill avers each of these demands to have been due from the said James at the time of his death, and insists so much thereof as may be necessary, should be applied in satisfaction of the judgment recovered against the said Richard by the executrix.
*144 The bill admits, that from the record of recovery ■against the said Richard, in lavor of the executrix, in the court of North-Carolina, there appears to have been noted as filed by the said Richard, the pleas of the general issue, payment, accord and satisfaction, and the statute of limitations; but alleges neither of those pleas were drawn up at length, and insists that under the state of pleadings the defence now urged against the judgment could not have been availing in the action at law, and was not, as the said Richard is informed, attempted to be proved on that trial. The bill, moreover, charges that although the process in favof of the executrix was served upon the said Richard in the state of North-Carolina, he, at that time, was a resident of this state, and owing to the great distance from his residence, he was compelled to confide his defence to an agent in that state, and that he is informed his agent was prevented from attending the trial, by inevitable necessity, fee. The bill asked and obtained an injunction against the judgment at law, and concludes with a prayer for general reliéf, fee.
The answer of the executrix admits nothing favorable to the relief sought in the bill. It throws the complainant on the proof of his several allegations; alleges that the complainant not only might have availed himself of the demands now asserted in his defence to the action at law, if they could avail him anywhere, hut that he did, in fact, introduce evidence in Support thereof on the trial at law, and after an investigation of the evidence, the jury found that he had assumed, in manner and form as charged against him in the declaration, and that-there had been no payment, set-off, or accord and satisfaction; and the answer insists upon the judgment rendcred’on that verdict as forming a condusive b^^o fhe relief sought by the complainant in his bill. N ■_
-The circuit court, ón a‘final hearing, dissolved complaij^jipt’s injunction with damages, and dismissed his bill with costs. Frpm that decree the complainant, Richard Simpson, has appealed to this court.
Were the trial and judgment rendered in favor of the executrix against the complainant by the court of North-Carolina, admitted to have no unfavorable influence against the demands asserted in the bill, we should have no difficulty in sustaining the complainant’s demand for relief; for the evidence in the cause is abundantly *145 ample, to sbowv$iat Jp-mes-Simpson, in bis lifetime, ffp’.indebted to ibe complainant a sum in amount equal ♦Qtpe.jüág^eo^^toféred against the complainant bj the executrix in t'fie court of Nortl>(¿árdlina,'añd there is bo! adequate evidence to prove thaí’thé .amount which; was so owing by the'decadent'has in ariy'dbky been satisfied, either- by him in his lifetime or his 'exeej-utrix since. ..... ■ ** ' 1y't:'
Bu^Jiejudgment recovered by the executrix is relied op ppa^cqfirig an insuperable bar to the relief sought fejftsqjomplainant in a court of equity; and it is ai tó the 'effect of that judgment upon the’claim’ asserted- by the complainant, that the, arguments,of counsel on both sides were principally directed, and which- it is incxnm bep/fpn. tbe'cbwrt.pory tp decide.
. .Mjiether the allegations o'|,the bill be assumed to b'e true,,or .the qyWence i*1 the cause.be, Adverted1 td,. it is CMally pndc,nfal)le, thatjimst of tlje demands relied On lí^he! CQlnplainant are-of -a character which riot only might, under appropriate pleadings'llave !$®;'h employed in defence of tlie action at law, out which may, um der the pleadings displayed in the record of that action, have been in fa,ct urged in defence of that action. If, as the bill charefe.s, the notes and accounts which were rpceive&l’pm B^hard Simpson by the decedeiit,' James, fp^^llecticmj wore in fact collected by him," if is perfectly ejeá|,, -even if there had been no agreement be* tween-then} tKat when collected those debts should be applied to'the payment of the debt of Graves; that, under a proper plea of set-off, the amount thereof, together with the amount of the. debt acknowledged by J$mes in the writing of the 5lst of April 1809, -might Hsfebeen employed, in defence to the act-iom ¿apWt such of those notes and accounts bee¡R|>eturneá by James or his executrix‘l^fnpnar#' ^iippssb,' were collected by the said Jametófc^ aggpe neid, fromthe evidence, is pretty evident. to be returned, if not collected; and not hafjpg been returned, or any offer made to return them, thfb'h|!hout this Contest, the presumption is strong in favor of then-having been collected. It is,not,-however, alose under a- pi^a of set-off, that most of those demands might-have bees Jutged in defence to'the action1 at law. It is .obvious, from the phraseology of the writing executed' on the 21st of April 1809* toKichard Simpson by James, ' *146 that if Graves should not recover judgment’ against James, on his undertaking as bail in the action which Graves had commenced against Richard before, the debt then acknowledged by James to Richard became payable, and before the debts and accounts received by James from Richard were collected, the debts and accounts so collected, and the debt acknowledged, were to be applied in Satisfaction of Graves’ demand; and the proof is conclusive, that judgment was not recovered by Graves against the executrix of James, until after the debt acknowledged by James, became payable, an,d the presumption is strong, that the judgment was not recovered by Graves until the notes and accounts were collected by James. It is therefore evident, that under the general issue, Richard Simpson might have availed himself of the demands which he now asserts for the debt acknowledged on the 21st of April 1809, and the amount of each of the receipts for notes and' accounts previously given by James-, for after having agreed that those sums should be applied to the satisfaction of Graves’ demand, they must be considered as extinguishing any claim which the executrix would otherwise have had against Richard Simpson for paying the debt to Graves, and consequently formed a proper defence under the general issue.
If, then, we are correct in the preceding remarks, it follows, that the acknowledged debt and the amount of the two receipts for notes which were previously given by James, might have been urged in defence of the action brought against Richard by the executrix in the court of North-Carolina; for notwithstanding the record of that suit does not contain the pleadings at large, it contains a suggestion that the general issue was pleád-ed, and although there may exist some uncertainty as to the pleas of accord and set-off, the record evinces, with as much precision and certainty, the defence intended by the general issue, as if that plea had been set out at large.
As respects the claim for the debt acknowledged by James Simpson on the 21st of April 1809, and the two receipts previously given by him therefor, the judgment recovered by the executrix in North-Carolina must, we apprehend, he conclusive against the complainant’s right to relief; for those demands might not only, as wc have seen, have been urged in defence to that ac- *147 £ioa,-under the general issue' which was there pleaded, hilt it is moreoyer in proof, ’ that on that trial evidence fr relation to thdse. deinands was in fact introduced be-fire the jury; and it is an established priheiple,'that-the decision *of a matter by a court of cómpetent¿turisdiction, is conclusive between the sárne parties in all courts of concurrent jurisdiction. ' -u •
It is true, neither the'complainant nor the agent employed by him to manage bis defence'; appears to have been present at the trial inNorth-Carolina; and i,f their absence bad been occasioned by any inevitable necessity, it might be proper not'to give a conclusive operation to the judgment there obtained. Rut the record of this case contains nothing which, in our opinion, will justify "the "inference, 'that'tlne failure of the complainant and-his agent to attend the1 trial,. resulted from such a necessity. The complainant, though serve'd-with process at the suit of the executrix in North-Carolina,'.appears, at that time, to-have been a resident of this stafe, and perhaps ought not to he required to have attended-in person on the trial. It was, however, incumbent on him, either to attend in person to the defence of the action, or to have it attended to by some other person for him; and after neglecting to do so, he would not be permitted, in a,court of equity, to (lrawinquestion mat-terJw,iof-defence which ought to have been made in the'action at law. In this case, it is true, the complainant appears to have appointed an agent in Norfch-Caro-lina to manage his defence to the action at law, and there is evidence in the cause proving that the agent was absent from the court when the cause was. tried; hut the weight of the evidence conduces satisfactorily, to shóyy.that the absence- of the agent was produced by' Mf^ritention to his own business, and not'froáílan- un-, controllable necessity. Such an absence and deflect of the agent should not do away the conclusive operation, of the judgment at law, or form a sufficient-treason for the complainant’s going into a court of equity for the purpose of again litigating matter .which was’triahle at law, and in support of which evidence was in fact introduced on the trial at law.
With respect to the residue of the demands set up by' the complainant, we also think he has not shown sufficient cause for applying to a court of equity. These demands wore not regularly admissible in defence tp the *148 action at law under the general issue; but such, of them as the evidence now produced goes to establish, mighfx have been employed in defence by way of set-off; and on the trial in Norjh-Carolina the jury found expressly against ;#ae complainant’s having any set-off. The plea to which that .finding is a response, it is true, appears not to have been drawn1'up in due form, and is not contained in the record; but apleaofset-offisnotedonthe record to haye been filed, and although, as is proved*to be the usual practice in that court, not drawn up ir; dug form, we ought, after trial, to presume an understanding between the parties, that on tlie trial every thing admissible under a plea of set-off, might be employed in defence of the action; and that presumption derives., additional strength, , in the present contest, from tbe fact of evidence having been introduced in favor of the complainant, who was defendant in that action, 'to establish the demands now asserted by him in his bill.
The decree must be affirmed with costs, and damages -upon the damages given by that decree.